IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

SHAVON CONYERS

    Plaintiff,

v.

DEPARTMENT OF COMMERCE,
*et al.*,

    Defendants.

Case No.: GJH-17-1370

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

*Pro se* Plaintiff Shavon Conyers brings this action against Defendants Department of Commerce, United States Census Bureau, Wilbur Ross, John Thompson, and Vonda Bell, following her termination from the Census Bureau. ECF No. 5. Presently pending before the Court is Defendants' Motion to Dismiss, ECF No. 8, to which Plaintiff has not responded. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion to Dismiss is granted.

## I. BACKGROUND

Plaintiff alleges that Defendants terminated her on January 4, 2017 for "unacceptable conduct due to an issue on [her] resume" without providing her with advanced notice of her termination and an opportunity to respond as required by the Fifth Amendment to the United States Constitution.[1] ECF No. 5 at 7.[2] On February 7, 2017, Plaintiff filed an appeal of her

---

[1] As alleged in Plaintiff's Complaint, Plaintiff's "unacceptable conduct" refers to Plaintiff listing a "DBA" degree on her resume that she has not yet achieved. *See* ECF No. 5 at 7.
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

termination with the Merit Systems Protection Board ("MSPB"), alleging that Defendants' failure to provide her with advanced notice of her pending termination, and an opportunity to respond, violated the procedural requirements set forth in 5 C.F.R. § 315.805.[3] On April 10, 2017, Administrative Judge Kassandra Robinson Styles dismissed Plaintiff's appeal "as untimely [and] filed without good cause shown for the filing delay" because Plaintiff failed to file the appeal within thirty days of the date of her termination. ECF No. 8-2 at 6. Thereafter, on May 15, 2017, Plaintiff filed a Petition for Review with the Board, *id.* at 20, and filed her Complaint in this Court two days later. ECF No. 1. The Board has yet to issue a decision on Plaintiff's Petition.

## II.    STANDARD OF REVIEW

A motion to dismiss based on lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), raises the question of whether the court has the competence or authority to hear and decide a particular case. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The court may properly grant a motion to dismiss for lack of subject-matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Id.* (citing *Crosten v. Kamauf*, 932 F.Supp. 676, 679 (D. Md. 1996)). Therefore, the court "generally may not rule on the merits of a case without first determining that it has the jurisdiction over the category of claim in suit (subject-matter jurisdiction) . . . ." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). The district court should grant a motion to dismiss under Rule 12(b)(1) "only if the material jurisdictional facts are not in dispute and the

---

[3] Plaintiff indicates that following her termination, she "filed a case with the MSPB but that case was dismissed," and she then filed a petition for review by the MSPB Board, which remains pending as the Board lacks a quorum and is unable to issue decisions at this time. *See* ECF No. 5 at 9. As the details of Plaintiff's underlying MSPB action affect whether the Court has subject-matter jurisdiction, the Court will rely on the administrative record provided by Defendants, ECF No. 8-2, for further background without converting Defendants' Motion into a motion for summary judgment. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (noting that the court may consider evidence outside the pleadings when a defendant challenges subject-matter jurisdiction without converting the proceeding to one for summary judgment).

moving party is entitled to prevail as a matter of law." *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (internal citation omitted).

## III. DISCUSSION

The MSPB has appellate jurisdiction over the "[t]ermination of probationary employment [for federal employees]," and, for probationary employees, such "[a]ppealable issues are limited to a determination that the termination was motivated by partisan political reasons or marital status, and/or if the termination was based on a pre-appointment reason, whether the agency failed to take required procedures." *See* 5 C.F.R § 1201.3(a)(3).[4] When a case is appealed to the MSPB, the MSPB may either hear the case or, as was done here, refer the case to an administrative law judge. *See* 5 U.S.C. § 7701(b)(1). After the administrative law judge renders an initial decision, that decision generally becomes the Board's final decision thirty-five days after issuance unless a party files a petition of review to the Board itself. *See* 5 C.F.R. § 1201.113; *see also id.* § 1201.113(e) ("Administrative remedies are exhausted when a decision becomes final in accordance with this section.").

Defendants argue that because Plaintiff has filed a Petition of Review with the Board, Judge Styles' decision is not a final order; therefore, Plaintiff has not exhausted her administrative remedies, and the Court does not have subject-matter jurisdiction to review the merits of her Complaint. *See* ECF No. 8-1 at 10. However, the Court need not rule on Defendants' exhaustion argument because, even assuming Plaintiff has exhausted her

---

[4] Plaintiff was terminated during her probationary period from the position of GG-0343-11 (Program Analyst) with the Census Bureau Field Division in Suitland, Maryland. *See* ECF No. 8-2 at 8.

3

administrative remedies, only the United States Court of Appeals for the Federal Circuit has jurisdiction to review the case.[5]

An employee adversely affected by a MSPB final order may obtain judicial review by a district court if the final order evaluates a claim brought under any of the anti-discrimination statutes listed in 5 U.S.C. § 7702. However, non-discrimination claims may only be reviewed by the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1)(A) ("Except as provided in subparagraph (B) and paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit.");[6] *see also Browder v. U.S. Postal Serv.*, 449 F. App'x 799, 801 (11th Cir. 2011) ("Under 5 U.S.C. § 7702 and § 7703, the district court has limited jurisdiction to review MSPB rulings, but only if the employee's claim is based in whole or in part on discrimination . . ."). Plaintiff's Complaint is solely focused on the Census Bureau's failure to afford her with the requisite procedural protections of 5 C.F.R. § 315.805 prior to her termination. Plaintiff makes no allegations of discrimination. As such, even if Plaintiff exhausted her administrative remedies, this Court cannot provide her with the judicial review she now seeks. *See Ashe v. Price*, No. PJM-16-3423, 2017 WL 3172776, at *6 (D. Md. July 26, 2017) (holding that district court does not have subject-matter jurisdiction to provide judicial review of a MSPB appeal

---

[5] Judge Styles informed Plaintiff that while she may appeal the initial decision to the Board, the Board, at present, lacks a quorum and is unable to issue decisions on petitions for review until at least one additional member is appointed by the President and confirmed by the Senate. ECF No. 8-2 at 14. Knowing this, Plaintiff filed a Petition for Review with the Board and then, two days later, filed the instant action to argue that she is unable to exhaust her administrative remedies because the Board lacks a quorum. If Plaintiff did not file her Petition for Review, it appears that Judge Styles' decision would have become a final order the very next day. Plaintiff offers no explanation for her decision, and the Court is unsure whether Plaintiff thought that filing a Petition for Review was a necessary pre-requisite to judicial review. Furthermore, the parties have not briefed whether Plaintiff may rescind her Petition for Review in order to exhaust her administrative remedies and obtain immediate judicial review in light of the Board's inability to render a final order.

[6] These exceptions are for final orders adjudicating whistleblower or discrimination claims and are not applicable herein. *See* 5 U.S.C. §§ 7703(b)(1)(B); (b)(2).

4

related to a non-discrimination claim because plaintiff should have filed the complaint with the U.S. Court of Appeals for the Federal Circuit).

Separate from subject-matter jurisdiction, the Court must also dismiss Plaintiff's Complaint due to insufficient service of process. Pursuant to Federal Rule of Civil Procedure 4(i), in order to serve the United States and its Agencies, Corporations, Officers, or Employees in their individual or official capacities, a plaintiff must serve a copy of the summons and complaint to the United States Attorney for the district where the action is brought and the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i)(1)–(3). Plaintiff has failed to provide service to the United States Attorney and Attorney General; instead, Plaintiff has only provided service to Defendants at the U.S. Department of Commerce and Census Bureau's headquarters buildings.[7] *See* ECF No. 6. As such, Plaintiff's failure to properly serve Defendants provides additional grounds warranting dismissal of her Complaint.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 8, shall be granted. A separate Order follows.

Dated: April 24, 2018

_____
GEORGE J. HAZEL
United States District Judge

---

[7] After Plaintiff filed her initial Complaint, the Court granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis and informed Plaintiff that she must effect service on a federal agency by serving the summons and Complaint on the Attorney General and United States Attorney. ECF No. 3 at n.1. Therefore, there is no excuse for Plaintiff's failure to abide by the procedural requirements set forth in the Federal Rules.

5